# NO. 12-14-00229-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BLAKE CARRINGTON GEE,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Blake Carrington Gee appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

## BACKGROUND

On December 1, 2013, a Smith County grand jury returned an indictment against Appellant for the offense of engaging in organized criminal activity. With no agreement on punishment, Appellant pleaded guilty to the offense. After ordering and receiving the presentence investigation report, the trial court conducted a sentencing hearing in which Appellant called several witnesses, including himself, to testify on his behalf. The State did not call any witnesses. At the conclusion of the hearing, the trial court found Appellant guilty of engaging in organized criminal activity and assessed punishment at thirty years of imprisonment with no fine. This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*, and states that he has diligently reviewed the appellate record. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) his sentence should not exceed twenty years, (2) the trial court incorrectly admonished him regarding the range of punishment, (3) the indictment was fundamentally defective, (4) he received ineffective assistance of counsel at trial, (5) a fatal variance existed between the indictment and the State's proof at trial, and (6) he received ineffective assistance of counsel on appeal. We have considered counsel's brief, Appellant's pro se brief, and have also conducted our own independent review of the appellate record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant his motion for leave to withdraw, and affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See id.* at 408 n.22. Any petition for discretionary review must be filed within thirty days after the date of this opinion or after the date this court overrules the last timely motion for rehearing. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review

must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 22, 2015**

**NO. 12-14-00229-CR**

**BLAKE CARRINGTON GEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1861-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*